THOMAS FELL, impleaded, etc.,

*v.*

THE BOARD OF SUPERVISORS OF McLEAN COUNTY.

STATUTES — *act of* 1861 — *concerning tax for equipment of volunteers* — *construction of.* Under the act of 1861, "to encourage the formation and equipment of volunteers," the county of McLean assessed a special tax, and its board of supervisors appointed a disbursing agent, as required by the law, and also made an order, directing town collectors to pay over to him this war tax, which was done, such agent receiving and disbursing the fund. In an action against the county treasurer on his bond, to recover two per cent of this tax which he had retained as commissions, — *Held,* that the tax thus assessed was a county tax, and as such, should have been paid to the county treasurer and not to the agent, as ordered by the supervisors, they having no legal power to make such order. That it must be assumed, that the treasurer would have received and disbursed the fund if he had been permitted, and having the legal right so to do, he must be considered as having done it, and entitled to his commissions therefor as provided by law.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was an action of debt, instituted in the court below, by the board of supervisors of McLean county, against Thomas Fell and his sureties, on his bond as treasurer of said county, to recover a certain sum of money which he had retained as commissions on a war fund raised by a special tax, during the

years 1861, 1862 and 1863, under the act of 1861, entitled an act, " To encourage the formation and equipment of volunteer companies."

The further facts in the case are fully stated in the opinion of the court.

Messrs. WILLIAMS & BURR and Mr. W. M. HATCH, for the appellant.

Mr. W. H. HANNA, for appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Under the act of the legislature of 1861, entitled " An act to encourage the formation and equipment of volunteer companies," the county of McLean assessed what was called a special war fund tax, during the years 1862, 1863 and 1864. The board of supervisors appointed a disbursing agent, as required by the law, and made an order authorizing the township collectors to pay over the special tax, when collected, directly to this agent.  This was done, and this war tax never went into the hands of the county treasurer.  Thomas Fell was, during these three years, the county treasurer, and on settling with the board of supervisors, on his retirement from office, he retained two per cent as his commissions on this war fund tax.  Suit was brought against him on his bond, and the Circuit Court below, allowed him one per cent.  Fell appealed, and the only question presented relates to these commissions.

However technical the claim may appear, we are constrained to say that, under the letter of the law, the appellant is entitled to two per cent commissions.  The board of supervisors had no legal power to direct the town collectors to pay this tax directly to the disbursing agent.  Section 3, article 17 of the township organization law, Purple's Statutes, page 1148, provides that " it shall be the duty of the county treasurer to receive all moneys belonging to the county from whatever source they may be derived, and all moneys belonging to the

State which by law are directed to be paid to him, and to pay and apply such moneys in the manner required by law." Section 6, article 20 of the same act, provides that "the warrant directed to the collector of a town, shall direct the collector, out of the moneys to be collected, after deducting the compensation to which he may legally be entitled, to pay over to the commissioners of highways the amount of tax collected for the support of highways and bridges, and to the supervisors of the town all other moneys which shall have been collected therein to defray any other town expenses; to the township treasurers the school fund tax, and to the county treasurer the State and county tax collected by them." It is not denied that this war tax was a county tax, and it is plain from the foregoing provisions that it should have been paid over to the county treasurer, and that the board of supervisors had no authority to give it another direction.

The county treasurer is entitled to a commission of one per cent for receiving, and one per cent for paying out the county tax. Laws of 1861, p. 240, § 10. We presume the judgment of the Circuit Court, allowing one per cent, was rendered upon the theory, that as the treasurer legally had the right to receive this money, he should be considered as having in fact received it, and as entitled to his commissions therefor; but inasmuch as, even if he had received it, he might never have paid it out, or might only have paid it to his successor in office, in which last event he would not have been entitled to commissions, it is not certain he would have earned his one per cent for disbursing, or, that he was prevented from earning it by the unauthorized act of the board of supervisors. We do not think, however, this view is tenable. The treasurer was under heavy bonds to perform properly the duties of his office. If he had failed to pay over the money, as required, he and his sureties would have been liable on his bond. It is fairly to be inferred from the record, that the money would have been required by the disbursing agent while Fell was in office, and that none would have remained in his hands for his successor. It is reasonable to presume he would have performed the duties of

his office. In the case of the *People ex rel. Ballou* v. *Dubois*, 23 Ill. 547, this court decided, that although the legislature had relieved a circuit judge of the performance of his duties by taking from him his judicial territory, they could not deprive him of his right to his salary during his term of office, and a mandamus was issued to compel its payment. The two cases are much alike in principle. It was assumed in that case, as we must assume in this, that the officer would have performed his official duties if he had been permitted. We must reverse and remand this case, with directions to allow the two per cent commissions.

*Judgment reversed.*