# JOHN A. LARIMER

## *v.*

# THE BOARD OF SUPERVISORS OF McLEAN COUNTY.

1. BOUNTY—*what volunteers entitled to—in a particular case.* On the 23d of December, 1868, the Board of Supervisors of McLean county passed certain resolutions, whereby a bounty of $150.00 was offered to each volunteer from the county, who should regularly enlist in the U. S. Army, for the term of three years, or during the war, up to the 5th day of January, 1864; said bounty being limited to non-commissioned officers and privates: *Held,* that a person, who, at the time of such offer, was in the service, and was afterwards honorably discharged, and knowing of such offer, before the 5th day of January, 1864, re-enlisted for the term specified, as a private, and when re-enlisted was credited to the county to fill the quota for which the bounty was offered, was entitled to receive said bounty, and could maintain an action to recover it.

2. SAME—*notice of acceptance by volunteer not required.* And in such case, it was not necessary that the volunteer should have received notice of such offer from the agents of the county, who had been empowered to pay such bounty, nor notified them of his acceptance of such offer, and his enlistment thereunder; the resolution requiring no such notice.

3. SAME. It was sufficient that such volunteer knew of the offer, and accepted the terms proposed, and acted upon it, to entitle him to its benefits.

4. SAME—*additional bounty.* And that such volunteer would also be entitled to the bounty of $50.00, agreed to be paid, by another resolution of the Board of the same day, to every person who had previously volunteered from the county, and who had not received a bounty from the county, it appearing that he had received no other bounty therefrom, and had been in the service since the commencement of the war, as a volunteer from said county.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

The facts are fully stated in the opinion.

Messrs. WILLIAMS & BURR, and Messrs. PRINCE & BLOOMFIELD, for the appellant.

Messrs. Ives, Weldon & McNulta, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was an action of assumpsit, brought by John A. Larimer, in the McLean Circuit Court, against the Board of Supervisors, to recover a bounty for re-enlisting as a volunteer in the military service, under a call by the President for troops. It appears that on the 23d day of December, 1863, the Board of Supervisors of McLean county adopted the following resolutions:

" *Resolved*, That this county will pay a bounty of one hundred and fifty dollars to each volunteer from this County, who may regularly enlist in the army of the United States for the term of three years, or during the war, up to the fifth day of January next, and the sum of fifty dollars to each volunteer from this County who has so enlisted in said army since the first of September, A. D. 1862, to this date.

" *Resolved*, That said bounty be limited to non-commissioned officers and privates, not to exceed 400 in all, and that it be paid to none not regularly mustered into the service of the United States, and credited to this County, and to no man who had been in said service and has not been legally and honorably discharged therefrom."

The fourth resolution makes William Thomas, Isaac Funk and Samuel J. Reeder a committee to pay said bounty " to all such persons as may be entitled to receive the same, as soon as they shall be satisfied that said volunteers have been regularly mustered into the service of the United States."

These resolutions were published in one of the daily papers, in the city of Bloomington. Appellant proved that he was a resident of the county, and had previously volunteered, and remained in the service, until the 31st of December, 1863, when he was discharged at Indianola, in Texas, and, on the next day, re-enlisted in the same company and regiment in

which he had previously served, and that McLean county received a credit therefor, on its quota on the call of the President of the United States for volunteers; that he remained in the service until the 24th day of November, 1865, when he was regularly discharged. He testifies, that at the time of his second enlistment, he knew of the offer made by the county; that in March, 1864, he demanded of the agents of the county two hundred dollars, fifty on his first, and one hundred and fifty on his second enlistment. The agent refused to pay that sum, but offered to pay fifty dollars. He subsequently received the fifty dollars, but he swears with the understanding that he did not waive his claim for the remainder. That he again demanded the latter bounty, but it was refused.

It appears that appellant was not a commissioned officer, and that his re-enlistment was authorized by the regulations of the War Department; and from the evidence of different persons, that the offer contained in the resolutions was known and spoken of publicly at the time and place of his enlistment. It likewise appears, that his credit to the quota of McLean county was in accordance with the regulations of the War Department, and the county obtained all that was expected by the adoption of these resolutions. It also appears that the Board of Supervisors adopted a resolution on the 23d of December, 1863, that, as an act of justice, they would pay to every volunteer from the county, and who had not received a bounty from the county, the sum of fifty dollars.

It is not controverted that appellant was mustered into the service, within the time limited by the resolution, nor that the county received the credit on their quota, to fill which the bounty was offered. It is, however, said that the enlistment was not regular, as he was already in the service and his term unexpired. Even if the county could contest that question, the objection is not well taken. It appears that he was honorably discharged from the service on the 31st of December, 1863; he then owed the government no further service, and

afterward, and while he had been released by the government from the performance of the remainder of his first term, he again enlisted and was mustered into the service. And it can make no difference whether he was discharged for the purpose of permitting him to re-enlist, or for other satisfactory reasons, as the county obtained the desired credit on their quota of the call. The government, no doubt, regarded it to the interest of the service, that veteran and experienced soldiers should be retained in the service, even at the expense of the sacrifice of a few months of the time of their former enlistment, rather than receive raw recruits; hence, the discharge, so as to enable a re-enlistment. It in nowise prejudiced the interests of the county, but the re-enlistment of appellant relieved it from furnishing another volunteer.

It is again insisted, that the county should not be bound by this enlistment, unless he had notified the agents of the county of the fact before the 5th of January, 1864. The language of the resolution is broad, and in terms requires no such notice, and it does not appear that the quota was filled at the time appellant enlisted; and if not, what possible difference could it make to the county whether the notice had been given or not, as there is no pretense the county had, for the want of such notice, incurred liabilities to other persons, who enlisted after the quota was filled. The returns were made in the regular course of the service, and the notice was received through its regular channels, and, so far as this record discloses, without delay. And when appellant complied strictly with the offer of the county, relying upon the terms proposed, why should he be deprived of its benefits for failing to perform an act they had not prescribed, and from the omission of which they had sustained no injury, but had, on the contrary, received all of the contemplated benefits?

It is also insisted that appellant failed to show that he received notice from the agents of the county, and therefore was not entitled to the benefit of the resolutions. The resolution

requires no kind of notice, and it can not matter how he obtained his information; so he received it, accepted its terms, and acted upon it, he was entitled to its benefits. The resolution does not require a contract to be entered into with the agents of the county, but simply that persons accepting its terms, within the time, and who shall be credited to the county, shall be entitled to the bounty. Nor do we perceive any force in the objection that appellant failed to prove, that his enlistment was credited on the quota of the call for three hundred thousand men, when he enlisted pending that call, and before the quota was filled, and was regularly credited to the county, we must presume, that it was under that call, especially so, when it does not appear that there was any other unfilled call resting upon the county. We are, therefore, of the opinion that appellant was entitled to the bounty of one hundred and fifty dollars, by complying with the terms of the resolution of the Board.

It remains to determine whether he was also entitled to the fifty dollars bounty, offered and given to soldiers who had previously volunteered, and had received no other bounty from the county, under the resolution of the 23d of December, 1863, giving a bounty of fifty dollars to all volunteers who had enlisted for the term of three years, since the beginning of the war, and who had received no bounty from the county. We are unable to see why appellant was not entitled to this, if he had then received no other bounty. He had enlisted for three years, after the commencement of the war. It, however, fails to appear that he had received no other bounty.

This resolution was different from that which also offered the bounty of one hundred and fifty dollars. The last clause of that resolution gave a bounty of fifty dollars to all volunteers who had enlisted for three years after the first of September, 1861. But the other, and that under which appellant claims, seems to have been adopted on the same day, and

formed no part of the resolutions reported by the committee, but to have been offered by a member of the board.

It is broader and more comprehensive than the other, and embraces all volunteers who enlisted for three years after the commencement of the war, and who had not received a bounty from the county. By bringing himself within this resolution, and it appearing that he had received no other bounty, appellant would be entitled to receive the fifty dollars, unless it has been paid. It seems that the agents of the county recognized this, but rejected the claim for one hundred and fifty dollars; and when they paid appellant the fifty dollars, the receipt fails to specify upon what particular bounty it was to apply. It is competent to show upon what account it was received, and appellant testified that he received the money with the understanding that it was in nowise a waiver of his claim to the bounty of one hundred and fifty dollars. If this was so, and the evidence in the record is to be credited, appellant was entitled to recover that sum. The finding was erroneous, and the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*