ROACH vs. THE TOWN OF MENOMONIE.

*Cause of action for bounty money. — Effect of admitting improper evidence to sustain immaterial averment.*

1. The defendant town voted a bounty to persons who should enlist in the federal service and muster in to its credit, and plaintiff, in pursuance of said offer, did enlist and muster in to defendant's credit, within a reasonable time, and before defendant's quota was filled or its bounty fund exhausted. *Held*, that these facts show a contract between the parties, and it was not necessary to allege further a special agreement between plaintiff and the town supervisors in regard to his enlistment.

2. A verdict will not be set aside, nor a judgment reversed for the admission of improper evidence, even in relation to material issues, if the same result must have been reached without such evidence; and still less is its admission fatal where the allegations to which it related were immaterial.

APPEAL from the Circuit Court for *Dunn* County.

Action for bounty money. The complaint avers, in substance, that on the 14th of February, 1865, at a special meeting of the electors of the defendant town, regularly called for that purpose, they voted to raise $6,000 to pay a bounty of $200 each to persons who should enlist in the military service of the United States, and be credited to said town, under a certain call of the President; that "more than $5,000 of said sum has been paid, and is now in the treasury of said town;" that on the 16th of the same month, plaintiff, being then a resident of said town, and subject to military duty, and not having been drafted, "entered into a contract with" the defendant town, whereby said town, "by and through the supervisors thereof," "agreed to pay him the sum of $200," on condition that he would enlist and become credited to their town under said call ; that plaintiff "then and there accepted said offer, and agreed to enlist," etc. ; that pursuant to the vote of said special town meeting, and said contract

with the town through the supervisors, "he did, on the 22d of March, 1865, at their request, and with their knowledge and consent, and with the consent and at the request of said town," enlist and become mustered in to the credit of said town, under said call, the quota of the town not then being full. The complaint further avers demand and non-payment of said sum of $200. Answer, a general denial.

The character of the evidence introduced by plaintiff, and the objections taken to it, are stated in the opinion. Verdict for the plaintiff; new trial denied; and defendant appealed from the judgment.

*A. J. Messenger* and *Cousins & Bartlett*, for appellant, insisted that the judgment was erroneous, as the plaintiff had failed to make his proof conform to the pleadings. 2. The proof did not show that the plaintiff enlisted with any view to the bounty offered by the town, and hence established no cause of action. *Dockstader v. Brown*, 20 Wis. 287; *Grubb v. The Town of Menomonie*, 21 id. 594.

*John E. Stillman* and *H. M. Lewis*, for respondent, cited to the several points noticed and sustained in the opinion, the various statutes relative to towns voting bounties to volunteers, and *Grubb v. The Town of Menomonie*, 21 Wis. 594; Parsons on Contracts, 375, 485; *Codner v. Town of Bradford*, 3 Chand. 291; *Emmons v. Dowe*, 2 Wis. 322; *Argenti v. The City of San Francisco*, 16 Cal. 255; *Hooker v. Eagle Bank*, 30 N. Y. 83; 27 Conn. 538; 30 id. 94; 1 Greenl. on Ev. § 435; 17 Pick. 498; 13 Ala. 490; 20 N. Y. 170.

DIXON, C. J. According to the decisions of this court in *State ex rel. Dockstader v. Brown et al.* (20 Wis. 287), and in *Grubb and others v. The Town of Menomonie* (21 id. 594), the complaint in this action contains a sufficient statement of all the facts necessary to constitute a valid contract between the plaintiff and the town, without the

Roach vs. The Town of Menomonie.

additional statement found in it that there was a special agreement between the plaintiff and the supervisors of the town with regard to the plaintiff's enlistment. Aside from the alleged special agreement, and considering that as altogether out of the complaint, a good cause of action is stated upon the contract existing between the plaintiff and the town, by reason of the vote of the electors, at an election regularly held, to pay the two hundred dollars bounty, and the plaintiff's acceptance of the proposition by his enlistment and mustering into the military service, and being credited upon the quota of the town, within a reasonable time after the vote was taken and before the quota was filled or the sum voted to be raised was exhausted. All these facts are distinctly alleged in the complaint, and moreover that the enlistment, mustering in and credit were made and procured by the plaintiff with direct reference to obtaining the bounty, and that the officers of the town were immediately notified thereof. And the same facts thus alleged in the complaint were fully proved on the trial, and also that the plaintiff had never been paid. Why then should not the verdict and judgment rendered in his favor be permitted to stand? It is said, because immaterial and incompetent evidence was admitted, and improper questions asked, and because the special agreement set up with the supervisors was not made out. These are objections of no moment as against a verdict and judgment so manifestly right and just on the pleadings and proofs. The immaterial and incompetent evidence and improper questions complained of, all related to evidence offered or introduced for the purpose of establishing the special agreement alleged to have been made with the supervisors. It is a well-settled general proposition, that a verdict will not be set aside or a judgment reversed upon grounds like these, even where the improper evidence admitted or questions allowed pertained to facts materially in issue between

Roach vs. The Town of Menomonie.

the parties, provided it can at the same time be clearly seen that the party complaining was not prejudiced thereby, and that the verdict and judgment must have been the same if the improper evidence had not been admitted, nor the questions allowed. If the proposition be correct where the evidence or questions were improperly allowed to show facts materially put in issue, then it must with still stronger reason be correct where the issue joined was upon facts wholly immaterial. Such was the issue here upon the alleged special agreement between the plaintiff and the supervisors of the town. It was wholly immaterial to the plaintiff's right of action whether any agreement of the kind was made or not. He showed a valid cause of action and clear right to recover without proving such agreement, and his complaint would have been good without alleging it. The most that can be said upon this point is, that, having alleged it, he was bound to prove it, or there was a variance. But it was a variance upon a strictly immaterial issue, and so could do no injury. Besides, if it had been a variance of a different kind, it would still have been immaterial under the statute which declares that no variance between the allegations in a pleading and the proof shall be deemed material, unless it shall actually mislead the adverse party to his prejudice in maintaining his action or defense upon its merits. R. S. ch. 125, § 33. It is not pretended that such was, or could have been, the case with respect to the town here; and so, upon either ground, the objection is untenable, and must be overruled.

It follows from these views, that, as the record discloses no errors for which the judgment ought to be reversed, it must be affirmed.

*By the Court.* — Judgment affirmed.