THE MAYOR AND COMMON COUNCIL OF HOBOKEN, PLAIN-TIFFS IN ERROR, v. GEORGE W. BAILEY, DEFENDANT IN ERROR.

1. The foundation of the right of action to recover a bounty offered for volunteers, is the contract concluded by the offer on the one side, and its acceptance by the other, supported by the consideration which results from the performance of the stipulated service, on the faith of the promise contained in the offer.

2. To make a contract, there must be mutual assent, or an offer by one party and consent by the other. There cannot be consent to an offer so as to make a contract, when the party has no knowledge of the offer.

3. The county of H. offered a bounty of $400, and the city of H., which was within the county, offered an additional bounty of $350. The plaintiff volunteered, and was credited to the city. On his enlistment, the sum of $400 was paid to him by H., the agent of the county, which was repaid to the agent by the county. In an action in the name of the volunteer procured by H. to recover the bounty of the city—*Held,* that the circumstances indicating that the plaintiff volunteered solely for the county bounty, without any knowledge that a bounty was also offered by the city, it should have been left to the jury to say whether the volunteer had knowledge of the city bounty, and volunteered on the faith of receiving it.

On error to the Supreme Court.

This action was brought in the name of Bailey, by James T. Hatfield, who claims, as the equitable assignee of Bailey, to recover a bounty of $350 from the city, for the enlistment, by Bailey, in the army of the United States.

The county of Hudson had offered a bounty of $400 for volunteers, who were duly credited to localities within the county. Hatfield, as one of the board of chosen freeholders, was acting for the county in procuring volunteers.

The claim against the city was based on the following resolution, adopted by the common council on the 18th of March, and approved on the 20th of March, 1865, viz. :

*Resolved,* That a city scrip for the amount of $350, in addition to the county bounty of $400, be issued to every drafted man or volunteer from this city, entering the service under the late call of the President of the United States for three hundred thousand men ; *provided,* such drafted man or volunteer shall enter the military service of the United States, or furnish an acceptable substitute for one or more years, and shall be duly credited to the quota of this city under the present call."

Bailey was duly enlisted, and credited to the second ward of the city of Hoboken, and a certificate of enlistment was given to him as follows :

"This is to certify that George W. Bailey was entered into the military service of the United States from the second ward of the city of Hoboken, Hudson county, New Jersey, as a volunteer, one year, and credited on the call for 300,000 men.

"H. J. MILLS,

"Captain and Provost Marshal."

Hatfield paid Bailey, on such enlistment, $400, and appended to the certificate of enlistment as follows :

"I, J. T. Hatfield, chosen freeholder of the second ward of the city of Hoboken, certify that James T. Hatfield is entitled to the sum of $400 for said volunteer.

                                  "J. T. HATFIELD.

"Hoboken, N. J., April 12th, 1865.

    [Endorsed]—             "GEORGE W. BAILEY."

The $400 paid to Bailey by Hatfield was repaid to the latter by the county.

The suit was brought in Bailey's name, without any authority given him. Hatfield testified that he never had seen or heard from Bailey after his enlistment.

For the plaintiffs in error, *J. C. Besson* and *T. N. McCarter*.

Contra, *J. Dixon* and *C. Parker*.

The opinion of the court was delivered by

DEPUE, J. The action is for the recovery of the bounty of $350, under the resolution above set out. The judge charged the jury, *pro forma*, to find a verdict for the plaintiff, for the amount of the scrip, with interest from the time it was demanded by Hatfield, without leaving any question of fact for their determination. To sustain an exception to this charge, the plaintiffs in error assign, among other reasons, as a ground of reversal, that there was no evidence of any contract by the city to pay the plaintiff the bounty, or of any consideration to support a recovery. The argument was, that an offer of a bounty for enlistments, is a proposal which does not become a contract until acceptance, and that no recovery can be had unless it appears that the plaintiff was influenced to volunteer by the offer, or at least had knowledge that a bounty was offered by the defendants, before he volunteered, so that it might be inferred that such offer had influenced his action.

There was no direct evidence that the plaintiff knew that any bounty was offered by the city. The proof was circum-

stantial, and by no means conclusive. In this respect, this case differs from *Hawthorne* v. *Hoboken*, 6 *Vroom* 247. If it be essential to the maintenance of the suit, that it should appear that the action of the volunteer in enlisting to the credit of the city, was prompted by the expectation of receiving the bounty offered by the resolution, there was a question of fact for the jury; and it was error in the charge to instruct the jury that the plaintiff was entitled to a verdict.

The city was under no obligation to answer the demand which had been made under the conscription law, upon its citizens who were liable to draft. The act of the legislature, under the authority of which the resolution was passed, gave the corporate authorities the power to use the funds of the city to supply volunteers, but did not enjoin it upon them as a duty. The benefit accruing from the relief of the citizens from a draft was to individuals. Whatever aid was extended by the city towards the accomplishment of that end, was purely gratuitous, as an inducement to persons to come forward and volunteer to relieve individuals who were by law subject to the burden of the draft. The consideration for an undertaking of this kind, is not the rendition of services beneficial to the promisor. In this respect, the resolution of the common council is analogous to the offer of a reward for the apprehension of the perpetrator of a crime, by a person having no interest in the subject matter of the offence. Such an offer enures as a contract to any person who performs the stipulated service, under or at the request of the offerer. *Furman* v. *Parke*, 1 *Zab.* 310.

Upon what principle does the right of recovery in such cases rest? It cannot be maintained, on the proposal of a reward, or bounty, for no contract will be concluded by a mere offer; nor will it result from the fact of performance, for an interest in the subject to which the offer relates, is not essential to the validity of the contract, where the service is performed. The foundation of the right of action is the contract concluded between the parties, by the proposition by the one side, and its acceptance by the other, supported by

the consideration which results from the performance of the stipulated service, on the faith of the promise contained in the offer. Such are the views of the nature of obligations of this kind, expressed by Chief Justice Shaw in *Loring* v. *The City of Boston*, 7 *Metc.* 411, and by the Court of Appeals of New York in *Fitch* v. *Snedaker*, 38 *N. Y.* 248; *Howland* v. *Lounds*, 51 *N. Y.* 605. Substantially the same idea is expressed by Mr. Justice Randolph in Furman *v.* Parke. His language is : " No person is bound to offer a reward for the apprehension and conviction of a criminal, but if he does so, he tenders an agreement to the first person who complies with its terms, and he cannot then withdraw his offer; he has held ·out inducements on which the party has acted, and he has no right to withdraw his proposition then."

In the *City Bank* v. *Bangs*, 2 *Edw. Ch.* 95, which was a bill of interpleader to determine which of several claimants was entitled to a reward offered for the recovery of property which had been stolen, Vice-Chancellor McCoun adopted as the criterion for determining who was entitled to the reward, the inquiry, " who is the person that has acquired a knowledge of the facts necessary to the detection or discovery of the things stolen or lost, and has imparted such knowledge with the intent and for the purpose of bringing about a recovery or restoration of the property, taking upon himself the risk and consequences of a failure, and acting with a view to the reward, if his suspicions and disclosures are well founded and successful." Upon this criterion the Vice-Chancellor rejected the claim of a servant who first communicated to her mistress circumstances of suspicion which she had observed, upon which the mistress acted, and which led to the recovery of the property. The reasons assigned for such rejection were, that the conduct of the servant showed that she was not acting ,with a view to the reward, but was indifferent to any result that might follow from the information she gave, and was not influenced by any hope or expectation of the reward, in case her suspicions were well founded. In short, the rule laid down and enforced by the Vice-Chan-

cellor was, that in order to entitle a person to a reward, the acts done by way of performance must be done with a view to the acceptance and performance of the contract tendered by the offer, in the expectation of earning the reward if the effort is crowned with success.

The right of action in such cases being founded in contract, for which no precedent consideration was paid, and in which no promisee is named, it would follow as a necessary result, that in order to complete the contract and give it mutuality, an assent in some way to the terms of the offer must be given. *Fitch* v. *Snedaker*, 38 *N. Y.* 248; *Howland* v. *Lounds*, 51 *N. Y.* 605. It is also equally clear that where the service in itself is not beneficial to the promisor, it can be made available as the consideration of a contract, only where the person performing it was induced to do so by a request, express or implied, on the part of the promisor. A previous request will be implied where the plaintiff voluntarily or by compulsion, does that whereunto the defendant was legally compellable, or the defendant has adopted and enjoyed a benefit from the consideration. But in other cases the service will be purely gratuitous, for which no action lies, unless it was done upon an express request. The law was so declared in the leading case of *Lampleigh* v. *Braithwait, Hobart* 105. That was an action to recover a reward for procuring the King's pardon. The defence was the absence of sufficient consideration. It was agreed that a mere voluntary courtesy will not have a consideration to uphold an *assumpsit;* "but," said the court, "if that courtesy were moved by a suit or request of the party that gives the *assumpsit,* it will bind; for the promise, though it follows, yet it is not naked, but couples itself with the suit before and the merits of the party procured by that suit, which is the difference." And it appearing that the defendant had requested the plaintiff's endeavor, and that he had made his endeavor according to the request, the plaintiff had judgment. To the same effect in *Hunt* v. *Bate.* The servant of A was arrested; B bails him, and afterwards A promises for this friendship to save him harmless. This is

no good consideration for the promise ; *secus* had A requested, and the bailing been after the promise. *Dyer* 272 *a.* Other cases illustrative of the necessity of a previous request, and of the instances in which the request will be implied, and when it must be express, so as to have induced the performance in order to furnish a legal consideration, will be found in the English and American notes to *Lampleigh* v. *Braithwait*, 1 *Smith's Lead. Cas.* 222, [67*.] I will refer only to one case decided by the Supreme Court of Massachusetts, which is quite apposite to the case now in hand. The action had been brought on a promise in writing to pay the masters, clerks, messengers, and assignees fees in certain proceedings in insolvency, if not otherwise paid. No promisee was named in it. The plaintiff became the assignee, and performed the duties of the office, and having received no compensation for the want of any estate of the insolvent, sued upon the agreement. The agreement was signed and delivered to a third person before the appointment of the plaintiff as assignee, and the plaintiff had performed the stipulated service; but it appearing that the plaintiff had not seen or heard of the paper until after he had accepted the office and performed all its duties, it was held that he could not recover. The court held that if the paper had been shown to the plaintiff, and he had accepted it, and had become assignee, and performed the services upon the faith of the defendant's promise, there might have been a contract; but it not appearing that he accepted the paper or performed any service upon the strength of it or in reliance upon it, he did nothing to create a good consideration, and make a contract upon the terms of the agreement, and that he could not recover, although the condition of the promissor had been literally performed. *Ball* v. *Newton*, 7 *Cush.* 599.

I am unable to exclude this case from the operation of the principles above stated with respect to the necessity of an acceptance in order to form a contract, and also of a request antecedent to the enlistment, to give a consideration. To effect either of these ends, knowledge of the promised bounty, at the time of the enlistment is essential. There cannot be

any assent or agreement to an offer of which the party has no knowledge. *Fitch* v. *Snedaker*, 38 *N. Y.* 248 ; *Howland* v. *Lounds*, 51 *N. Y.* 605. The proposal of a reward which was not within the knowledge of the person who happens, or from other considerations is induced to perform the act which is designated as the condition on which the reward is payable, cannot by any rule of law or process of reasoning, be construed to be a precedent request, or to have operated as an inducement to do an act which is done in entire ignorance of the offer.

The case usually cited for the position that performance of the condition on which a reward is promised will entitle a party to recover, though he acted without knowledge of the offer, is *Williams* v. *Carwardine*, 4 *B. & Ad.* 621. The jury found that plaintiff made the disclosure not for the sake of the reward, but from a motive of revenge. The court held that she was entitled to recover, and that the motive which influenced her to give the information was immaterial. As the case in banc is reported, it does not appear that the plaintiff acted without knowledge of the offer of a reward. In the report of the trial at *nisi prius*, it is manifest from the circumstances in evidence, and the argument of counsel, that the plaintiff's knowledge of the handbill offering the reward was not disputed. 5 *C. & P.* 566. If the correct theory of the action be the enforcement of a contract arising from an offer, and assent thereto, as shown by the fact that the stipulated service is performed with the knowledge that a reward was promised for doing it, as I think it is, the contract having been legally concluded, in giving effect to such contract, if it was performed, the motive which induced the party to make the contract or perform it must always be immaterial.

The point under discussion is not without adjudication in the courts of sister states, whose decisions, if not authority, are entitled to great respect.

The Supreme Court of Pennsylvania has decided that the obligation to pay bounties being founded upon a contract relation, no one could compel payment of a bounty offered,

unless he volunteered upon the faith of an offer of bounties by the public authorities. *Morgan* v. *Chester County*, 56 *Penn.* 466 ; *Brecknock Sch. D.* v. *Frankhouser*, 58 *Penn.* 380. Elsewhere it has been decided that there was no ground for such an action except that of contract, and that the liability of the town or city rests upon the ground that the corporation having offered a bounty, and the party having accepted the offer and volunteered on the faith of it, there was a contract between them. *Frey* v. *Fond du Lac*, 24 *Wis.* 204 ; *State* v. *Brown*, 20 *Wis.* 287 ; *Larimer* v. *McLean Co.*, 47 *Ill.* 36.

The principles announced in these cases, in my judgment, are sound, and they are fully recognized in that class of cases in which a reward is held not to be recoverable on the basis of services rendered before the reward was offered. If in such cases the promise is not enforceable because the consideration was executed without being induced by the promise, it must be equally nugatory as in favor of a person who performed the service in ignorance of the promise, although precedent. A person performs what at the time was required by him as a voluntary courtesy, why should he be denied a recovery on a promise made after the service was performed, and have it awarded to him, if the promise was antecedent in point of time, but was unknown to him, and did not prompt, or in the least influence him to do the act relied on ? In neither case is the act the performance of a contract.

With respect to the proof there is generally but little difficulty. Where the action is for a reward for the apprehension of a criminal, or the restoration of lost property, it rarely happens but that something is done in performance of the condition, after the party has knowledge of the offer. So, also, in case of the claim for a bounty for an enlistment to the credit of a particular locality where no other bounty is offered, the notoriety of the offer, and the fact that no other supposable reason can be assigned for the credit, will afford a presumption of knowledge of the offer, and of the intention of the volunteer to entitle himself to the bounty by complying with the condition of the offer which the testimony of the volunteer may make conclusive.

No practical injustice can result from enforcing remedies in such cases on the basis of ordinary contracts. It is not necessary that the volunteer should have received notice of the terms proposed, or should have given notice of acceptance. It is enough that he had knowledge at his enlistment and credit of the offer, and acted with reference to it, and fulfilled the requirements of the offer. *Larimer* v. *McLean Co.*, 47 *Ill.* 36.

In every case it is a question of fact whether the contract was concluded by an acceptance, and is supported by an adequate consideration. It was peculiarly so in the case now before the court. The facts proved did not clearly establish either of these propositions, but, on the contrary, the circumstances strongly indicated that the plaintiff volunteered in ignorance of the bounty now sued for; and was induced to do so solely by the bounty offered by the county. The charge that the plaintiff was, as a matter of law, entitled to a verdict, was erroneous, and the judgment should be reversed.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE SCUDDER, VAN SYCKEL, CLEMENT, DODD, GREEN, LATHROP, WALES.   10.

*For affirmance*—DALRIMPLE.   1.

CITED in *Union Locomotive and Express Co.* v. *Erie Railway Co.*, 8 *Vr.* 23.