Maurice F. Lord, Appellee, v. Board of Supervisors of Kane County, Appellant.

Gen. No. 9,742.

February term, 1942.    Heard in this court at the
Opinion filed April 8, 1942.

CHARLES G. SEIDEL, State's Attorney, for appellant; RICHARD C. HAMPER, Assistant State's Attorney, of counsel.

LORD & PARKER, of Aurora, for appellee; MAURICE F. LORD, *pro se,* and GILBERT L. WOOD, of Aurora, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Kane county awarding a writ of mandamus requiring appellant, the Board of Supervisors of Kane County, to provide for the levy and collection of taxes with which to pay a judgment rendered by the same court on October 19, 1940 for $1,665.33, in favor of Maurice F. Lord, appellee, against the county of Kane, together with interest and costs, and to make provision for the payment and satisfaction thereof.

The petition for the writ was filed December 14, 1940 and recites the obtaining of the judgment; that no appeal therefrom was taken, and that it became final on November 28, 1940; that after its entry, a resolution that an order be drawn for its payment, was presented to the county board, but failed of passage by a vote of 19 to 18. The petition also alleges that there were and are ample funds in the treasury for payment of the judgment.

Under special appearance, appellant filed a motion to dismiss on the ground that the judgment was null and void, and the court was without jurisdiction to enforce it. The motion was denied. Appellant then answered, alleging the judgment and the claim against the county are void and that the court entering the judgment was without jurisdiction because of the provisions of the statute (Ill. Rev. Stat. 1941, ch. 34, sec.

35, par. 35 [Jones Ill. Stats. Ann. 33.036]) that before any claim against a county is audited, it shall be verified by the claimant or his agent, and that when a claim is disallowed, in whole or in part, by the county board, and the nature of the claim is not such that the allowance is discretionary with the board, the claimant may appeal from the decision of the board to the circuit court; and that no such verified claim was filed by appellee. It further alleges the judgment is void because of the provisions of the statute relating to the employment and payment of assistant State's Attorneys, and that notwithstanding the statute, no provision was made for hiring any assistant State's Attorney; that the court was without jurisdiction to enter a judgment for a sum in excess of the tax levied, or the amount appropriated for the purpose of paying appellee's claim; that there was no ample funds in the treasury at the time the judgment was entered and no provision was made for the payment of it among the purposes for which taxes were to be raised for the year 1940.

The petition was amended, asking that the board take the necessary steps, including appropriation and levy, to pay the judgment. An amended and supplemental answer asked that the original answer stand to the amended petition, and it was so ordered. Upon appellee's motion the answer and the amended and supplemental answer were stricken, and judgment was entered awarding the writ. The points urged for reversal are that the court erred in striking appellant's motion to dismiss, and the answer and amended and supplemental answer.

Appellant is in no position to invoke the statute relating to employment and payment of assistant State's Attorneys, Ill. Rev. Stat., ch. 53, par. 18 [Jones Ill. Stats. Ann. 48.095]. The answer, so far as disclosed by the abstract, makes no allegation that appellee's judgment was based upon any claim of such employment. None of the pleadings attempts to set

out the nature of the claim upon which the judgment was entered. The judgment is not abstracted and we do not search the record to ascertain whether it discloses the nature of the claim.

The section of the statute above mentioned relating to verification and auditing claims against a county, and appeals to the circuit court from decisions of the county board, does not expressly provide that the method therein shall be the only method of obtaining judgment against a county. Section 31 of the same chapter provides: "All actions, local or transitory, against any county, may be commenced and prosecuted to final judgment in the circuit court, or any other court of general jurisdiction in the county against which the action is brought." Section 35 does not provide that claims shall be presented to the county board before judgment can be entered thereon, but only that before they are audited they shall be verified. It does not provide that an appeal from a decision of the county board shall be the only method of obtaining judgment, but only that an appeal may be so taken. If that is the exclusive method, it can only be so determined by judicial interpretation.

In *People ex rel. Northup v. County of Cook,* 274 Ill. 158, the plaintiff brought a mandamus action to enforce payment of a claim for assistants, stenographers, clerks, investigators and miscellaneous expenses incurred by him as a special State's Attorney. In denying the writ, the court held that mandamus will lie only to enforce payment of a claim ascertained to be due; that as to unliquidated claims such ascertainment may be by a judgment, or by action of the municipal authorities auditing and allowing the claim; and that the claims mentioned were unliquidated demands, which must be audited by the county board, or for which a judgment must be recovered against the county before a writ of mandamus could be awarded. There is no holding or implication in that case that section 35 is

the only method of obtaining such a judgment. However, it points out the two methods by which a claim can be ascertained to be due, one of which is by a judgment.

Section 31, above quoted, provides for commencing suit in any court of general jurisdiction. This is a totally different method from appealing to a circuit court from a decision of the county board. Appeals are not the commencement of a proceeding and "any court of general jurisdiction" includes more than circuit courts. When the two sections are construed together, our conclusion is that the legislature did not intend the remedy provided in paragraph 35 to be exclusive. The same conclusion is arrived at in *County of Grundy v. Hughes,* 8 Ill. App. 34. Our interpretation is further borne out by *County of Clinton v. Pace,* 59 Ill. App. 576.

Furthermore, the question could have been raised in the suit by which the judgment was obtained, and if so raised, the interpretation of sections 31 and 35 would have presented a fairly debatable question, which the court would have been required to decide. As a court of general jurisdiction, it had jurisdiction of the parties and the subject matter of the suit, and to inquire into its jurisdiction. An erroneous decision arising from a misconstruction of the statute would not have rendered judgment void. (*Chicago Title & Trust Co. v. Mack,* 347 Ill. 480.) Therefore, if the court had decided the method provided by section 35 is not exclusive, and if the decision had been wrong, the judgment would not have been void. It is fundamental that a judgment which is not void is not subject to collateral attack. To be vulnerable, the lack of jurisdiction must appear upon the face of the record. (*Nugent v. Toman,* 372 Ill. 170.) No such showing is made here. The judgment of the circuit court is affirmed.

*Judgment affirmed.*